UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO TIEMPO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-226 |
| | § | |
| G. CURRIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

**Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, currently assigned to the McConnell Unit in Beeville, Texas. Proceeding** *pro se* **and** *in forma pauperis,* **plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants/prison officials at the McConnell Unit in Beeville, Texas, violated his rights under the Eighth Amendment to the United States Constitution (D.E. 1).  Pending is plaintiff's motion for appointment of counsel (D.E. 9, 10, 12).**

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance.  Bounds v. Smith, 430 U.S. 817, 829 (1977).  There is, however, no constitutional right to appointment of counsel in civil rights cases.  **Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982).  Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is**

within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  According to plaintiff, Defendants violated his Eighth Amendment Right to be free from Cruel and Unusual Punishment when they isolated him, stripped him naked, and force fed him in an attempt to find evidence that he had swallowed balloons containing drugs (D.E. 1).  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Id.  Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent.  Plaintiff appears, at this early stage of the case, to be in a position to adequately investigate and present his case.  Though Plaintiff states he is not fluent in the English language, he appears to have assistance from an inmate who is, and Plaintiff has been able to describe clearly the events about which he complains.  Plaintiff is worried that the inmate helping him may be released on parole and not available to continue to assist him.  If this happens, Plaintiff can look for another inmate to provide assistance to him, and if unable to find someone, Plaintiff can re-file his request for appointment of counsel

at that time.  For now, the discovery deadline was set ahead so that Plaintiff would have plenty of time to conduct discovery.  If Plaintiff needs extra time to request discovery, respond to discovery requests, or respond to dispositive motions, he may file a motion for an extension of time or for an extension of the deadlines.  The Attorney General will provide to Plaintiff initial disclosures, and he will only need discovery for those things not provided by the Attorney General.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Id.  Examination of this factor is premature because the case has not yet been set for trial.  Dispositive motions have not yet been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Even if he cannot afford to pay an attorney, Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  In fact, Plaintiff has not produced any evidence that he has attempted to hire an attorney on a contingent fee basis.  Plaintiff's motion for appointment of counsel (D.E. 9) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 2nd day of October, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE