UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO TIEMPO GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-226 |
| | § | |
| G. CURRIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendants' Motion for Summary Judgment (D.E. 36) to dismiss Plaintiff's civil rights action for failure to state cognizable constitutional claims. On August 12, 2014, United States Magistrate Judge B. Janice Ellington issued her initial Memorandum and Recommendation (M&R) recommending that Defendants' motion be granted and that Plaintiff's claims be dismissed. D.E. 47. This Court received Plaintiff's objections on August 28, 2014. D.E. 49. The objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's general conclusion that he failed to state a cognizable constitutional claim. D.E. 49, p. 8. Although the substance of Plaintiff's objection is unclear, he seems to argue that he has "a colorable [and] conziseable [sic] claim" because "a simple visual pursuant to dry cell isolation procedures will ward off summary judgment." D.E. 49, p. 6, 8. This Court finds no error in the Magistrate Judge's recommendation because the M&R adequately discussed the conditions imposed on Plaintiff while in the dry cell, concluding that the confinement

was not sufficiently atypical and significant to implicate a due process liberty interest. D.E. 47, p. 13-15. Furthermore, the Magistrate Judge adequately addressed dry cell policies and procedures, concluding that they failed to "shock the conscience" in violation of the Eight Amendment. D.E. 47, p. 18-19. This Court finds no error in the Magistrate Judge's conclusions. As a result, Plaintiff's first objection is **OVERRULED.**

In his second objection, Plaintiff cites a number of cases, including *Doe v. Taylor Independent School District*, 15 F.3d 443 (5th Cir. 1994), in arguing that "the standard applicable to failure to train allegations against supervisors is based on that for municipal liability." D.E. 49, p. 8. As established in *Taylor Independent School District*, a failure to train claim under § 1983 requires, *inter alia*, a violation of the plaintiff's constitutional rights. 15 F.3d at 453. As already discussed, Plaintiff was unable to establish the predicate constitutional injury. Consequently, his second objection is **OVERRULED**.

Plaintiff's third objection concerns the doctrine of qualified immunity. Because Plaintiff has failed to raise a constitutional claim, his third objection is **OVERRULED**.

Fourth, Plaintiff objects to the Magistrate Judge's conclusions by arguing that Defendants waived their Eleventh Amendment immunity in the course of litigation. D.E. 49, p. 8. There is nothing in the record and Plaintiff does not cite any authority to support his contention. *E.g., Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 332 (5th Cir. 2002) ("It has long been settled that a state's waiver of its Eleventh Amendment immunity must be unequivocally expressed.") (citing *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Plaintiff's fourth objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's M&R to which objections were specifically directed, this Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. D.E. 47. As part of his objections, Plaintiff attempted to amend his complaint by adding a new defendant and a new claim. D.E. 49, p. 2-3. The Magistrate Judge previously denied such request to amend (D.E. 46) so this Court strikes any such amendment. Accordingly, Defendants' Motion for Summary Judgment (D.E. 36) is **GRANTED** and this action is **DISMISSED** with prejudice.

ORDERED this 15th day of December, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE